IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH ZLOZA,

    Plaintiff,

v.

CITY OF BELOIT,

    Defendant.

OPINION and ORDER

23-cv-140-wmc[1]

---

Pro se plaintiff Joseph Zloza alleges that the Beloit Police Department ignored his reports of being threatened and attacked at the Hormel plant in the city. Because he proceeds in forma pauperis, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I conclude that Zloza's complaint fails to state a claim he can proceed on this court and must be dismissed with prejudice.

## ANALYSIS

Zloza alleges that he was threatened with a gun and attacked at the Hormel plant in Beloit, Wisconsin. Dkt. 1 at 3. Zloza called and emailed the Beloit Police Department several times to report the incident, but the police did not respond.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

Zloza does not state a claim he can proceed on in this court. The constitution "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). Although the Fourteenth Amendment guarantees plaintiff "meaningful access to [the] courts," *Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010), Zloza "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction," *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (mere inactivity by police does not give rise to a constitutional claim). Nor do Zloza's allegations suggest that police inaction limited his ability to seek legal redress through, for example, a state-law civil tort complaint. *See id.* (discussing how egregious a police cover-up has to be to effectively deny a plaintiff judicial access).

Because I see no way that Zloza could transform his allegations into a due process or other federal claim, I will not allow him an opportunity to amend his complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

2. The clerk of court is directed to send plaintiff a copy of this order and to close this case.

Entered March 13, 2023.

>BY THE COURT:
>/s/
>JAMES D. PETERSON
>District Judge